14-102
*Madhok v. Holder*

BIA
Christensen, IJ
A201 123 477
A201 123 478
A201 123 479

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
DENNY CHIN,
  *Circuit Judges.*

_____

HARPREET KAUR MADHOK, AKA HARPREET KAUR TULI, AKA HARPREET KAUR, AKA HARPREETKAUR MADHOK, ARVINDER SINGH, JAPNEET SINGH MADHOK,
  *Petitioners,*

  v.                                          14-102
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONERS:          Iqbal S. Ishar, Ishar Law Firm, P.C., New York, New York.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Harpreet Kaur Madhok ("Madhok"), Arvinder Singh, and Japneet Singh Madhok, natives of India and citizens of Australia, seek review of a December 5, 2013, decision of the BIA affirming a January 12, 2012, decision of an Immigration Judge ("IJ") denying Madhok's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harpreet Kaur Madhok, Arvinder Singh, Japneet Singh Madhok,* Nos. A201 123 477/478/479 (B.I.A. Dec. 5, 2013), *aff'g* Nos. A201 123 477/478/479 (Immig. Ct. N.Y. City Jan. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.

2

2006).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Madhok requested asylum, withholding of removal and CAT relief, alleging past persecution and a fear of future persecution in Australia due mainly to her gender and her Indian nationality.  We agree with the agency's conclusion that she failed to establish her eligibility for any relief.

**I.   Past Persecution**

To show asylum eligibility based on past persecution, an applicant must show that she suffered harm rising above harassment and that the government either

imposed or acquiesced in the harm.  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

The IJ reasonably found that Madhok did not suffer past persecution.  She did not show that the government was unwilling or unable to stop her physical abuse at the hands of her first husband.  *Id.* (holding that harm by private actor is persecution only if government is unwilling or unable to stop it).  As the IJ found, the 2010 State Department Report on Australia shows that the Australian government enforced

3

domestic violence laws, provided programs to combat domestic violence, and provided battered women with support and shelter. Similarly, Madhok failed to show government involvement or acquiescence to discrimination in her private business. *Id.*

Finally, Madhok's detention, interrogation, and theft charge do not constitute persecution. The evidence showed only that she is subject to prosecution under a generally applicable criminal law. She presented no evidence that the prosecution was based on her Indian ethnicity. *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010) (holding that enforcement of generally applicable laws is not persecution unless prosecution is pretext for mistreatment on basis of protected ground).

**II. Pattern or Practice of Persecution**

As indicated by the absence of any past persecution, we agree with the agency's conclusion that Madhok did not establish a pattern or practice of persecution of Indians in Australia. A pattern or practice exists when the harm to a group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007); *Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009). Accordingly, Madhok had to show harm that both rose to the level

4

of persecution and was systemic or pervasive. Her evidence, consisting mainly of news articles, describes only isolated incidents of violence against Indians by individuals, not by the police or other authorities. This evidence does not show persecution. *Ivanishvili*, 433 F.3d at 342. Moreover, the 2010 State Department Report shows that the Australian government is aware of private race discrimination in society and is working to combat it. The Report mentions no state-sponsored mistreatment of Indian nationals.

Because the agency reasonably concluded that Madhok established neither past persecution nor an objectively reasonable fear of harm that would constitute persecution, the agency did not err in denying asylum, withholding of removal, or CAT relief, as all of the claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

5

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk